IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVID WRIGHT, | § | |
| | § | |
| Defendant Below, | § | No. 212, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 0802023870 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: June 10, 2019
Decided: June 12, 2019

# **O R D E R**

The appellant, David Wright, filed a notice of appeal from a Superior Court order denying Wright's motion for recusal. The Senior Court Clerk issued a notice directing Wright to show cause why this appeal should not be dismissed as an improperly taken interlocutory appeal. On May 28, 2019, the Court received the certified mail receipt indicating that the appellant had received the notice to show cause. The appellant has not responded to the notice within the required ten-day period.[1] For that reason, dismissal of the appeal is deemed to be unopposed.

---

[1] The Senior Court Clerk had previously issued a notice directing Wright to show cause why the appeal should not be dismissed for failure to comply with Rule 42, which governs interlocutory appeals in civil cases. Wright responded to that notice to show cause, asserting that the denial of the motion for recusal was a final order. This Court has previously held that an order denying a motion for recusal of a judge is not a final, appealable order. *See Desmond v. State*, 2010 WL 3673039 (Del. Sept. 21, 2010). After receiving Wright's response, the Senior Court Clerk issued

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b) and 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

a corrected notice to show cause, which cited the Court's lack of jurisdiction to entertain an interlocutory appeal in a criminal appeal, rather than Rule 42. Wright did not respond.